[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10758
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 11, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00413-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

LONNIE DAVIS, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 11, 2009)

Before TJOFLAT, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

The Government appeals the district court's order granting the Defendant

Lonnie Davis's motion to suppress physical evidence seized as a result of a search of

Davis's vehicle after a traffic citation was issued. The Government contends that police officers had reasonable suspicion to prolong the traffic stop for a short time and that, therefore, the use of a canine unit in the search of Davis's car was not unconstitutional.

Davis argues that the Government waived its right to appeal the order suppressing evidence because the Government failed to object after the district court made its ruling. And, Davis argues, even if the Government did not waive its right to appeal the suppression order, the district court did not err in granting the motion to suppress because the officers did not have reasonable suspicion to prolong the traffic stop beyond the time at which the traffic citation was issued. Davis does not argue that the initial stop was improper, only that he was unconstitutionally detained after the traffic stop should have been completed and that the evidence suppressed resulted from the unconstitutional delay.

We address Davis's procedural argument first. We hold that the Government did not waive its right to appeal the suppression order. As long as a timely objection appears in the record, "Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Fed. R. Evid. 103(a). The record here contains the Government's sixteen-page written response in

2

opposition to Davis's motion to suppress, laying out the facts and legal support for the Government's position that the evidence is admissible. (R.1-16.) This written opposition preserved the Government's right to appeal the order granting the motion to suppress.

Next, we consider the Government's substantive argument that the evidence was erroneously suppressed. The grant of a motion to suppress evidence is reviewed as a mixed question of law and fact. *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003). Ordinarily, the district court's findings of fact are reviewed for clear error and the application of the law to the facts is considered de novo. *Id.* Here, the district court held no evidentiary hearing but assumed that the facts presented in the Government's written opposition to the motion to suppress were true. And, neither party objected to this assumption as to the facts. Thus, we review only the application of search and seizure law to the facts set forth in the Government's written opposition, which appears in the record at R.1-16, to the motion to suppress.

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. "A traffic stop is a seizure within the meaning of the Fourth Amendment." *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001). "Ordinarily, when a citation or warning has been issued and all record checks have been completed and come back clean, the legitimate investigative purpose of the

3

traffic stop is fulfilled." *United States v. Simms*, 385 F.3d 1347, 1353 (11th Cir. 2004). However, an officer may detain an individual beyond the purposes of the traffic stop if there is "articulable suspicion illegal activity has occurred or is occurring" or if the driver consents. *United States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999). Articulable suspicion must be drawn from specific facts, and rational inferences therefrom, measured under the totality of the circumstances and in light of the officer's knowledge. *United States v. Tapia*, 912 F.2d 1367, 1370 (11th Cir. 1990). Officers cannot rely on a mere "hunch," but must point to specific factors that led them to suspect other legal wrongdoing. *United States v. Arvizu*, 534 U.S. 266, 274-75, 122 S. Ct. 744, 750-51 (2002).

What is at issue here is the detention for a short period of time to have a canine unit brought to the scene to search for drugs. The dog alerted on the vehicle within a few minutes after arriving at the scene. We conclude that the officers had reasonable suspicion supporting this short detention, and thus the detention was reasonable and constitutional.

Here, the initial traffic stop was made because the officer was suspicious of a vehicle of the type Davis was driving emerging from a senior citizens' community late in the night; because the area was known to him to be a high crime area; because the window tint on Davis's vehicle was so dark that the officer could not see the

driver and the officer believed that tint to be in violation of Florida traffic laws; and because, when the officer pulled up next to the vehicle, Davis made an abrupt and short detour onto a side road, resuming his original path of travel after it appeared that the officer had left. After the officer signaled for Davis to pull over, Davis delayed in doing so, passing up two opportunities to pull to the side of the road then parking in a parking lot in a manner that raised the officer's suspicions that Davis was seeking to maintain the option to exit. Once the officer began talking with Davis, he encountered additional reasons to be suspicious that Davis was involved in criminal activity. The discrepancy between the address on Davis's driver's license and his initial statement of the location of his residence was suspicious, especially in light of the fact that he was a registered sex offender who was required by law to report his residence. Also suspicious was the fact that Davis claimed he had just dropped his brother off but did not know the name of the street on which he left his brother. As a result of a routine background check, the officer learned that both Davis and his passenger had criminal histories. Then, Davis consented to a search of the trunk but either denied or revoked consent for a search of the interior of his vehicle. And, when another officer arrived, that officer reported that he had been present when Davis recently was stopped in the same car and arrested for possession of crack cocaine. Viewing the circumstances as a whole, the police officers had reasonable suspicion

that Davis was involved in criminal activity. The record suggests that they detained him for no more than about ten minutes while they waited for a canine unit to arrive. That detention was not unreasonable.

Because the detention was not unconstitutional, we vacate the court's suppression order and remand to the district court for further proceedings.

VACATED AND REMANDED.